# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPHINE M. TRIPODI | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | |
| | : | No.: 12 4156 |
| NORTH COVENTRY TOWNSHIP | : | |
| Defendant. | : | |

## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff, JOSEPHINE M. TRIPODI (hereinafter "Plaintiff"), by and through her attorneys, the Law Office of Faye Riva Cohen, P.C., respectfully move this Court to enjoin the proceedings in the Court of Common Pleas of Chester County, under the caption North Coventry Township v. Josephine M. Tripodi, case number 2007-10957-IR.

1. In or about late 2007 Defendant conducted an inspection of Plaintiff's property known as the Kline Place Apartments, located at 644 Kline Avenue, Pottstown, PA 19465 (hereinafter "the Property") and claimed that it is in violation of a number of local building and health codes.

2. Subsequently, Defendant contacted Plaintiff regarding the repair of the alleged violations on the Property; beginning with this initial contact, Defendant has relentlessly pursued the seizure of the Property from Plaintiff as opposed to ensuring the Property is compliant with the local codes.

3. In or about November 2007, Defendant filed a Civil Action (hereinafter "Civil Action") against Plaintiff regarding the Property's alleged code violations in the Court of Common Pleas of Chester County under the caption North Coventry Township v. Josephine M. Tripodi, case number 2007-10957-IR.

4. Defendant has since pursued Plaintiff and the Property through the litigation of the Property's alleged code violations unabatedly and relentlessly for nearly five (5) years.

5. Over the course of the five (5) years of the litigation regarding the Property, Plaintiff has performed extensive repairs and made extensive improvements to bring the Property into full compliance with the applicable codes.

6. Defendant has refused to consider the repairs and improvements made on the Property and, instead, has elected to continue pursuing Plaintiffs for the Property despite the Property being in substantial compliance with the applicable codes.

7. Despite the above corrections, the Defendant has sought, and the Court has entered, no less than five orders of contempt compelling that Plaintiff must allow the Defendant, by and through a Court-appointed Master, to sell the Plaintiff's property.

8. In the instant matter, Plaintiff has alleged that the Court of Common Pleas of Chester County's actions constitute, inter alia, a violation of her civil rights under Section 1983 of the Civil Rights Act.

9. It would not cause any real prejudice to the Defendant if this Court ordered injunctive relief whereby it could examine the allegations made by Plaintiff in this matter including that there was a violation of Section 1983 of the Civil Rights Act.

10. Moreover, it would be severely prejudicial to Plaintiff if the Court went through with the sale of her property and a violation of Plaintiff's rights under the Fifth Amendment's "takings clause" and "due process clause" and the Fourteenth Amendment's "due process clause."

11. This motion is necessary to prevent the Court of Common Pleas of Chester County, by and through an appointed Master, to compel the sale of the Plaintiff's real property against her will while the instant litigation is ongoing.

WHEREFORE, Plaintiff, Josephine M. Tripodi, hereby moves this Honorable Court to enjoin the proceedings in the Court of Common Pleas, ordering a stay therein until the instant matter has been resolved.

LAW OFFICE OF FAYE RIVA COHEN, P.C.

BY: _____
FAYE RIVA COHEN, ESQUIRE
*Attorney for Plaintiff*
2047 Locust Street
Philadelphia, PA 19103
(T) 215-563-7776
(F) 215-563-9996

Date: 7-20-12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPHINE M. TRIPODI | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | |
| | : | No.:_____ |
| NORTH COVENTRY TOWNSHIP | : | |
| Defendant. | : | |

## PLAINTIFF'S BRIEF SUPPORTING ITS MOTION FOR INJUNCTIVE RELIEF

Plaintiff, JOSEPHINE M. TRIPODI (hereinafter "Plaintiff"), by and through her attorneys, the Law Office of Faye Riva Cohen, P.C., submit this brief in support of its request that this Court enjoin the proceedings in the Court of Common Pleas of Chester County, under the caption North Coventry Township v. Josephine M. Tripodi, case number 2007-10957-IR.

### I. STATEMENT OF FACTS

In late 2007 Defendant North Coventry Township (hereinafter "Defendant") conducted an inspection of Plaintiff's property known as the Kline Place Apartments, located at 644 Kline Avenue, Pottstown, Pennsylvania 19465 (hereinafter "the Property") and claimed that it was in violation of a number of local building and health codes. Plaintiff has performed extensive repairs and made extensive improvements to bring the Property into full compliance with the applicable codes. Defendant has refused to consider the repairs and improvements made to the Property, and, instead, has elected to pursue Plaintiff for the repair of the Property despite the Property being in substantial compliance with the applicable codes. The Defendant has, in a series of proceedings and proposed orders over more than four years, become increasingly aggressive in its attempts to seize the property, rather than allow repair and remediation thereof. Orders from the Court have evicted Plaintiff's tenants, preventing her from earning income. The

Orders further required the sale of the property through a Court appointed Master regardless of the nature or extent of the repairs made or to be made.

In November 2007, Defendant filed a Civil Action Complaint (hereinafter "Civil Action") against Plaintiff regarding the Property's alleged code violations. Defendant sought a preliminary injunction to preclude Plaintiff's use of the Property due to the alleged violations. Defendant pursued multiple contempt orders by and through the Trial Court. To that end, the motions culminated in Defendant's "Fifth Petition to Hold Defendants in Contempt of Court," filed on June 9, 2010. Following a hearing, the trial court issued an Order on September 22, 2010 issuing criminal contempt sanctions against the Plaintiff. See a true and accurate copy of all relevant Orders of the Court of Common Pleas of Chester County (without attachments or exhibits) attached hereto at Appendix "A."

Plaintiff filed the instant matter alleging, inter alia, an improper taking of real property under Plaintiff's Constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States as well as a violation of Plaintiff's civil rights under Section 1983 of the Act. For reasons that follow, these allegations require the intervention of this Honorable Court into the Commonwealth Court matters to prevent what is believed and averred to be an unlawful taking.

## II.    ARGUMENT

Under certain circumstances, such as the case at bar, it is proper and necessary for a Federal District Court to intervene in a State action where Plaintiff has raised Federal issues and, in fact, there is no other remedy at bar to prevent a great and severely prejudicial injustice.

Federal courts may enjoin state court litigation if Congress enacts a statute that expressly authorizes for an injunction. In these cases, Congress has decided that certain disputes ought to

be litigated in federal court and that injunctions can be issued to stop parties from filing related claims in state courts. "Expressly authorized" does not mean that the statute has to include language authorizing injunctions, however. The Supreme Court of the United States held in *Mitchum v. Foster* 407 U.S. 225 (1972) that Congress's intent to authorize injunctions can be inferred. In *Mitchum,* a Florida prosecutor filed a state court action to close Mitchum's bookstore as a public nuisance. Mitchum sued in federal court, claiming violations of free speech and seeking an injunction against the state court action. Mitchum's suit was brought under Section 1983 of the Federal Civil Rights Act, a statute that does not mention injunctions. Title 42 U.S.C. § 1983 authorizes a suit in equity to redress the deprivation under color of state law "of any rights, privileges, or immunities secured by the Constitution." The *Mitchum* Court held that the Act is within that exception of the federal anti-injunction statute, 28 U.S.C. § 2283, that provides that a federal court may not enjoin state court proceedings "except as expressly authorized by Act of Congress." Id. The Supreme Court held that the civil rights law would be meaningless in some cases if injunctions were not available.

Thus, where Congress creates a federal right, and where that right can be protected only by stopping the state court action, Congress is deemed to have "expressly" included injunctive relief against the state court action. The *Mitchum* case held that a Plaintiff's federal action sounding in the protections of Section 1983 permit, and in fact require, in certain instances an injunction to stay the state court action.

In the instant matter, therefore, where Plaintiff relies in pertinent part on the protections of Section 1983 of the Act, where the Plaintiff has been prevented from the use and rental of her property, where it has been constructively taken from her, and where a Court Order requires the sale of the property through a Court appointed Master regardless of whether or not the property

has been brought into with what Defendant feels is compliance with its various Orders, this Court must intervene into the proceedings in the Commonwealth Court to prevent any further unlawful taking of Plaintiff's real property.

### III. CONCUSION

For the reasons set forth herein, Plaintiff is entitled to have the relief requested. Plaintiff respectfully requests that this Court grant her Motion for Injunctive Relief and stay the proceedings at the Court of Common Pleas indefinitely unless and until the instant case is resolved.

Dated: 7-20-12

Respectfully submitted,

Faye Riva Cohen
Attorney for Plaintiff
LAW OFFICE OF FAYE RIVA COHEN, P.C.
2047 Locust Street
Philadelphia, PA 19103
P: (215) 563-7776