IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPHINE M. TRIPODI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-4156 |
| | : | |
| NORTH COVENTRY TOWNSHIP | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                      **August 8, 2013**

This lawsuit arises from a property code enforcement action brought by Defendant North

Coventry Township (the Township) in the Chester County Court of Common Pleas to abate

alleged code violations at an apartment complex owned by Plaintiff Josephine Tripodi.    After

the Court of Common Pleas entered judgment in favor of the Township and ordered the sale of

the apartment complex, Tripodi filed the instant suit against the Township asserting state law

claims of inverse condemnation (Count I), slander of title (Count II), abuse of process (Count

III), and intentional interference with contractual relations (Count VII), as well as a federal civil

rights claim pursuant to 42 U.S.C. § 1983 (Count IV), a Fifth Amendment takings claim (Count

V), and a Fourteenth Amendment takings claim (Count VI).[1]   Tripodi also filed a motion to

enjoin the underlying state court proceedings, which this Court denied.  *See* ECF No. 23.  The

Township has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and

12(b)(6), arguing Tripodi's Complaint should be dismissed based on the *Rooker-Feldman*

doctrine, *Younger* abstention doctrine, and issue preclusion, and because Tripodi has failed to

state a claim upon which relief can be granted.[2]   For the following reasons, the Township's

---

[1] Counts V and VI also allege the Township deprived Tripodi of property without due process of
law in violation of the Fifth and Fourteenth Amendments, respectively.

[2] Although the motion to dismiss does not expressly reference Rule 12(b)(1), motions raising the
*Rooker-Feldman* doctrine necessarily challenge a federal court's subject matter jurisdiction;

motion will be granted as to Tripodi's federal claims.  Tripodi's state claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**FACTS**[3]

Tripodi owns Kline Place Apartments (the Property), an apartment complex located in North Coventry Township, Chester County.  In 2007, the Township inspected the Property and found violations of various property codes.  In November 2007, the Township filed a lawsuit against Tripodi in the Chester County Court of Common Pleas, *North Coventry Township v. Tripodi*, Civ. No. 2007-10957, alleging violations of the Property Maintenance Code, Plumbing Code, Electric Code, and challenging Tripodi's failure to correct violations issued by the Fire Marshall, Building Code Official, and County Health Department.  In February 2008, the Township filed a motion to enjoin all residential use of the Property, alleging the unabated code violations presented a risk to the safety and welfare of the tenants.  On April 25, 2008, the Common Pleas Court entered an order memorializing an agreement reached on the record between the Township and Tripodi pursuant to which the parties would cooperatively inspect the Property on designated dates and establish a schedule for correcting any violations confirmed by the inspection.  Pending correction of any such violations, "no further units [within the Property] would be leased or occupied."  *N. Coventry Twp. v. Tripodi*, No. 2007-10957, 2010 WL

---

therefore, this Court construes the motion as seeking dismissal pursuant to Rule 12(b)(1) and 12(b)(6).

[3] The following facts are taken from Tripodi's Complaint and from orders, opinions, and docket summary reports of the Chester County Court of Common Pleas and Commonwealth Court of Pennsylvania in Tripodi's underlying state court case.  *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").  The Court takes judicial notice of the state court records only to establish their existence, not for the truth of the facts asserted therein.  *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004), *abrogated in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

7215430, at ¶ 2 (Pa. Ct. Com. Pl. May 20, 2010) (discussing the content of the April 25, 2008, agreement).

On October 8, 2008, the Township filed a motion to hold Tripodi in contempt for failing to comply with the April 25, 2008 Order. The court thereafter directed Tripodi to show cause why she had not complied with the April 25, 2008 Order and to submit to a deposition. On November 12, 2008, the Township filed a motion to compel Tripodi's deposition, which the court granted the same day. On January 16, 2009, the Township filed its second motion to hold Tripodi in contempt, alleging she had refused to submit to the court-ordered deposition. The court issued another show cause order and scheduled a hearing on the pending matters. At a February 26, 2009, hearing, the parties again entered into an agreement on the record, memorialized by a court order entered the same day, outlining a course of action for the correction of all code violations. The agreement provided that Tripodi would convey her ownership interest to her daughter, Geri Carr Tripodi (Carr), so Carr could carry out Tripodi's obligations under the agreement.

On March 6, 2009, the Township filed its third motion for contempt against Tripodi, alleging she was in violation of the February 26, 2009 Order and Agreement. On March 9, the court issued a show cause order and scheduled a hearing for April 21, 2009. On March 30, Tripodi's attorney withdrew his appearance and new defense counsel entered an appearance. On April 15, 2009, Tripodi filed a pro se motion to continue the contempt hearing, alleging her new attorney had informed her he would no longer represent her. The court denied the motion because Tripodi's attorney had not sought leave to withdraw. At the contempt hearing on April 21, 2009, Tripodi's attorney sought leave to withdraw as counsel. On June 10, 2009, the court granted defense counsel's petition to withdraw.

On June 12, 2009, the court issued an order finding Tripodi in contempt of the February 26, 2009 Order and finding she had "fail[ed] to comply with the prior Orders of this Court relating to the repair, fix-up, and inspections of the Property," as well as the orders directing her to submit to a deposition. *N. Coventry Twp. v. Tripodi*, No. 2007-10957, 2009 WL 8690185, at ¶ 14 (Pa. Ct. Com. Pl. June 12, 2009).  Due to Tripodi's breaches of prior agreements and orders, the court appointed a Master to hire consultants and prepare a Plan of Repair and Remediation (the Plan) for the Property. *Id.* at ¶ 4.  The court ordered Tripodi to pay $20,000 to the Master for preparation of the Plan, specifying that upon completion of the Plan, Tripodi would have to execute it at her own expense either through the Master or on her own.  The June 12, 2009 Order also provided that if Tripodi failed to comply with the Order's terms, the Master, with authorization from the court, would sell the Property in a commercially reasonable manner.  The court also ordered Tripodi to pay the Township's attorneys' fees.

In the June 12, 2009 Order, the court also found Tripodi had failed to convey her interest in the Property to Carr, as directed by the February 26, 2009, Order.  Consequently, pursuant to an agreement between the parties, the court allowed Carr to be joined as a defendant and ordered Tripodi to grant Carr a limited power of attorney so Carr could comply with court orders and carry out the remediation Plan.

On June 17, 2009, Tripodi and Carr filed a pro se petition to stay all requirements of the June 12, 2009 Order, which the court denied the same day.  On June 26, 2009, the Township filed a fourth petition for contempt, alleging Tripodi and Carr failed to comply with the April 25, 2009 Order, the February 26, 2009 Order, and the June 12, 2009 Order.  The court scheduled a contempt hearing for August 10, 2009.

On July 22, 2009, Tripodi and Carr filed a pro se appeal from the denial of their request for a stay in the Pennsylvania Superior Court.  The appeal was dismissed for lack of a final order on August 10, 2009.

At the request of Tripodi and Carr, the Common Pleas Court rescheduled the August 10 contempt hearing to August 14.  Neither Tripodi nor Carr appeared at the August 14 hearing, however, and on August 26, 2009, the court issued a Decision and Order entering judgment in favor of the Township and against Tripodi, finding Tripodi and Carr in contempt, taxing fees and costs against Tripodi, and ordering the sale of the Property.  *N. Coventry Twp. v. Tripodi*, No. 2007-10957, 2009 WL 8263196 (Pa. Ct. Com. Pl. Aug. 27, 2009).   In its decision, the court made several findings of fact and conclusions of law.  It found Tripodi and Carr had violated several court orders by, *inter alia*, failing to take reasonable measures to bring the Property into compliance with applicable property codes, attempting to rent and have tenants occupy apartments within the Property without curing defects, having unlicensed individuals make repairs at the Property without notifying the Township and thereafter covering the work so it could not be inspected, failing to cooperate with the Master and to execute the Master's Plan, and failing to pay the Township costs and fees as ordered by the court.  With regard to the condition of the Property, the court found:

> 7. The Property is in need of substantial structural repairs to structural components of the apartment building, repairs and reconstruction of various systems, including the electrical, plumbing and heating systems. . . . [T]he Property has not been maintained so the full extent of the remediation necessary cannot [be] and has not been fully evaluated. The current minimum cost for such an evaluation and a reasonable plan of remediation would cost at least *Fifteen* Thousand ($15,000) Dollars. The Defendants have shown clearly by their actions that they do not intend to pay for the professional consultants necessary to make such an evaluation and to establish a plan of remediation.

> 8. The Property is unsafe for human habitation. The occurrence of January 26, 2009 when the water pipes broke in one of the apartment units causing water to

flow over portions of the electrical system, giving rise to a potential fire, and the necessity to have PECO shut off the electricity to the property and to evacuate residents in various apartment units evidences the gravity and seriousness of the problems. The failure to maintain and properly remediate the damage to the buildings, the various systems, and the structural components renders a[] substantial risk to any inhabitant of any of the twenty-seven (27) apartment units on the Property. This event, in conjunction[] with the other findings of this Court and the evidence presented[,] support the finding that the Property will not be timely remediated and reconstructed to make the Property safe for human habitation.

9. The Defendants['] failure to remediate and make the Property safe for human habitation also adversely affects the health, safety and welfare of surrounding property . . . .

10. The Property is seriously deteriorated, in a blighted condition, and constitutes a public nuisance in its present condition. All of the apartment units are unfit for human habitation and should be vacated for the safety of the present habitants. . . .

*Id.* at Findings of Fact ¶¶ 7-10.

The court concluded Tripodi was in contempt of the Orders of April 25, 2008, February 26, 2009, and June 12, 2009, and Carr was in contempt of the June 12 Order.  It further concluded the Property was unsafe for human habitation and the only "reasonable and foreseeable way to bring the Property into compliance with the Codes of the Township and [to] enforce [] the Orders of this Court" was to authorize the Master to sell the Property "in a commercially reasonable manner" and "conditioned upon the Buyer's remediating the Property and bringing the Property into compliance with the Township's Codes or demolishing the structures thereon."  *Id.* at Findings of Fact ¶ 11, Conclusions of Law ¶ 5.  In addition to ordering the sale of the Property and explaining how the sale should be conducted to ensure remediation of code violations, the court also entered judgment in favor of the Township and against Tripodi in the total amount of $56,581.96, including $34,170.00 to pay the Master's fees and expenses and $12,411.96 to pay the Township's costs and attorneys' fees.  Any net proceeds of the Property sale, after payment of all judgments and liens, were to be disbursed to Tripodi.

On September 14, 2009, new counsel entered his appearance on behalf of Tripodi and Carr and filed a motion to reconsider the judgment, exceptions to the August 26 Decision and Order, and a motion to stay proceedings.  Counsel neglected to submit a praecipe for determination with any of these motions—a procedural prerequisite for court resolution of a motion in the Chester County Court of Common Pleas.  Although a praecipe for determination was later filed for the reconsideration motion only, the Township filed a motion to quash the reconsideration motion as untimely because the deadline for seeking reconsideration had passed by the time the praecipe for determination was filed.  A hearing on the motion to reconsider was held on May 14, 2010.  Following a hearing, the court granted the Township's motion to quash the reconsideration motion in a May 20, 2010 Opinion and Order.  In its decision, the court noted "[t]he effect of our August 26, 2009 Order was to grant the ultimate relief sought in the Township's complaint, that is, correction of the various Code violations asserted by the Township."  *N. Coventry Twp. v. Tripodi*, No. 2007-10957, 2010 WL 7215430 (Pa. Ct. Com. Pl. May 20, 2010).  The court further ordered Tripodi and Carr to pay the Township an additional $5,066.55 in attorneys' fees.

On June 17, 2010, Tripodi's counsel in this federal court case entered her appearance on behalf of Tripodi and Carr in the Court of Common Pleas.  The same day, Tripodi and Carr appealed the May 20, 2010 Order denying reconsideration to the Commonwealth Court of Pennsylvania.  The Commonwealth Court affirmed in March 2011.  *N. Coventry Twp. v. Tripodi*, No. 1214 C.D. 2010, 2011 WL 10844900, at *3 (Pa. Commw. Ct. Mar. 24, 2011).

Following the denial of Tripodi's motion for reconsideration, on June 9, 2010, the Township filed a fifth petition to hold Tripodi and Carr in contempt for their failures to comply with prior court orders.  The Court of Common Pleas denied a motion by Tripodi and Carr to

7

stay proceedings pending a decision in their appeal and held a hearing on the contempt motion on September 13, 2010.  On September 22, 2010, the court entered an order holding Tripodi (but not Carr) in indirect criminal contempt "for her deliberate and willful refusal to obey this Court's prior lawful orders from which she took no appeals."  *N. Coventry Twp. v. Tripodi*, No. 2007-10957, 2010 WL 8971883 (Pa. Ct. Com. Pl. Sept. 22, 2010).  The court sentenced Tripodi to a three-month term of incarceration, which would be set aside upon payment to the Township of $46,581.96.  Tripodi appealed from the criminal contempt order.  The Commonwealth Court upheld the contempt finding, *N. Coventry Twp. v. Tripodi*, No. 2075 C.D. 2010, 2011 WL 10857861 (Pa. Commw. Ct. June 15, 2011), and Tripodi's further requests for review were denied by the Pennsylvania Supreme Court and United States Supreme Court.

The only subsequent activity in the Court of Common Pleas case occurred in April 2012, when the court issued an order granting the Township's petition for distribution of a supersedeas bond posted by Tripodi, which order was affirmed in part, vacated in part, and remanded with instructions to calculate interest and costs by the Commonwealth Court in February 2013.  No further entries appear on the Court of Common Pleas docket after the February 2013 remand.  The Property has not yet been sold.

On July 20, 2012, Tripodi filed the instant lawsuit in this Court.  The Complaint alleges that since the Township commenced its enforcement action in the Court of Common Pleas in November 2007, Tripodi has performed extensive repairs and brought the Property into full compliance with all applicable property codes.  The Complaint further alleges the Township has refused to consider the repairs and improvements and, instead, has continued to pursue seizure of the Property; made many public, unsubstantiated claims regarding the condition of the Property; secured orders from the Court of Common Pleas calling into question Tripodi's continued

ownership of the property; taken the Property for public use, i.e., "the Pottstown Gateway Project," Compl. ¶ 35, without providing just compensation; and interfered with Tripodi's contractual relationships with tenants of the Property, who were evicted pursuant to orders by the Court of Common Pleas.

**DISCUSSION**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a court first must separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).[4]

The Township argues the judgment entered by the Chester County Court of Common Pleas on August 25, 2009, bars Tripodi's claims based on issue preclusion. "Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated." *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007). Although issue preclusion is an affirmative defense, it may be raised in a motion to dismiss. *Connelly Found. v. Sch. Dist.*

---

[4] This Court declines to address the Township's jurisdictional arguments regarding the *Rooker-Feldman* doctrine, as the Court finds Tripodi has failed to state a claim. Thus, the Court need not discuss the standard for a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the same reason, the Court also declines to address the Township's argument for abstention based on *Younger v. Harris*, 401 U.S. 37 (1971).

*of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir. 1972).  In determining the preclusive effect of a prior state court judgment, courts apply the preclusion law of the state where judgment was rendered.  *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985).  Under Pennsylvania law, issue preclusion applies when:

> (1) the issue decided in the prior adjudication was identical with the one presented in the later action;
>
> (2) there was a final judgment on the merits;
>
> (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and
>
> (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Shuder v. McDonald's Corp.*, 859 F.2d 266, 273 (3d Cir. 1988) (citing *Safeguard Mutual Ins. Co. v. Williams*, 345 A.2d 664, 668 (Pa. 1975)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Count IV of Tripodi's Complaint sets forth her § 1983 cause of action, but does not specify which federal or constitutional rights the Township violated; it simply incorporates by reference the previous paragraphs of the Complaint.  Counts V and VI both allege the Township effected a taking of Tripodi's property without just compensation and deprived her of property without due process of law.  Excluding the allegations the Township took her property for public use without just compensation, which the Court will address separately, the only factual allegations in Tripodi's Complaint that could support a claim for violation of a federal or constitutional right are that the Township refused to consider the substantial repairs Tripodi made throughout the course of the enforcement proceeding, and relentlessly pursued its case

against her, including seizing the Property, despite her having brought the Property into full compliance with all applicable property codes.  The issue of whether Tripodi had abated all property code violations at any time during the Township's prosecution of the enforcement action in the Court of Common Pleas, however, was actually decided by the Common Pleas Court, and Tripodi is thus barred from relitigating this issue.

All requirements for the application of issue preclusion are present.  First, one of the issues, if not the sole issue, in the Common Pleas Court enforcement action was whether the Property was in violation of several property code provisions.  After attempts to resolve the case through a cooperative inspection and remediation plan, the court entered judgment against Tripodi and in favor of the Township on August 26, 2009.  In the August 26 Decision and Order, the court, after holding an evidentiary hearing, made findings of fact and conclusions of law that the Property was in violation of various code provisions and posed a threat to the health and safety of its tenants and neighbors.  The court determined the only remedy that could ensure remediation of the violations was the sale of the Property.  The Court also entered a monetary judgment against Tripodi for fees and costs as a result of her being in contempt of several court orders.  Irrespective of the remedies imposed by the Court of Common Pleas, the central issue the court decided in entering judgment was that code violations existed on the Property.

Second, the judgment was a final determination on the merits, as clearly stated by the Common Pleas Court:

> The effect of our August 26, 2009 Order was to grant the ultimate relief sought in the Township's complaint, that is, correction of the various Code violations asserted by the Township.  From the testimony educed in the case, it was determined by the court that [the] Township had proven the violations and that Defendants were the parties responsible for correcting them.  The effect of our Order was to grant the relief sought, authorize the entry of judgment for the relief sought by the Township, and impose obligations upon the Defendants to comply.  As such, it was a final order from which an appeal would lie.

11

*Tripodi*, 2010 WL 7215430.  The Commonwealth Court confirmed the judgment was a final order in its opinion affirming the denial of Tripodi's motion for reconsideration of the judgment. *Tripodi*, 2011 WL 10844900, at *2 n.2.  Third, Tripodi and the Township were both parties in the Common Pleas Court case.  Finally, the Common Pleas Court proceeding afforded Tripodi a full and fair opportunity to litigate the issue of whether the Property was in violation of property codes, as the alleged code violations were the sole grounds for the Township's complaint. Therefore, insofar as Tripodi's § 1983 claim is based on the allegation the Township pursued its enforcement action even after any code violations had been cured, such claim is barred by issue preclusion.

Although issue preclusion is a sufficient basis on which to dismiss any non-takings § 1983 claim, other defects in Tripodi's Complaint compel dismissal of any non-takings § 1983 claims.  Significantly, Tripodi has not alleged facts necessary to show municipal liability under § 1983.  To state a § 1983 claim against a municipality such as the Township, a plaintiff must show the alleged constitutional violation was permitted by a municipal policy or custom. *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  A municipal policy is established when someone with final authority issues an "official proclamation, policy, or edict" on behalf of the municipality. *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990).  A plaintiff can establish a custom by showing a course of conduct by municipal officials that, although not formally authorized, "is so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).  Tripodi has not pleaded any facts suggesting the Township maintains a policy or custom of prosecuting code violations that have already been abated; therefore, she has failed to state a § 1983 claim against the Township.

Additionally, to the extent Tripodi's § 1983 claim alleges a deprivation of her Fourteenth Amendment procedural due process rights,[5] her allegations cannot survive a motion to dismiss. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). "Due process requires that a deprivation of property be preceded by notice and an opportunity for hearing appropriate to the nature of the case, and the opportunity to be heard must be at a meaningful time and in a meaningful manner." *Midnight Sessions, Ltd. v. City of Phila.*, 945 F.2d 667, 680 (3d Cir. 1991), *overruled on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003) (internal quotation marks and citations omitted). A person afforded a full judicial proceeding in which to challenge an administrative decision has been provided adequate procedural due process. *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995), *overruled on other grounds by United Artists*, 316 F.3d 392. Assuming the impending sale of the Property constitutes a deprivation of property, Tripodi's procedural due process challenge fails because she admits in her Complaint the code violations that led the court to order the sale were litigated in a full judicial proceeding in the Court of Common Pleas, and she does not allege this proceeding was inadequate. Moreover, the

---

[5] Counts V and VI of Tripodi's Complaint allege the Township deprived her of property without due process of law in violation of the Fifth and Fourteenth Amendments, respectively. The Fifth Amendment Due Process Clause applies only to actions by the federal government. *See, e.g.*, *Kopchinski v. Green*, No. 05-6695, 2006 WL 2228864, at *1 (E.D. Pa. Aug. 2, 2006) (citing *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983)). Therefore, Tripodi's due process claim is properly alleged only under the Fourteenth Amendment. Because Tripodi does not specify whether she is alleging a violation of her procedural or substantive due process rights (or both), the Court assumes she is asserting both such claims.

records in the state case show Tripodi was afforded the opportunity to offer evidence and argue the applicable law in support of her position that the Property was in compliance with all property codes.  Tripodi, therefore, has not stated a procedural due process claim.

To the extent Tripodi alleges a substantive due process claim, that claim must also be dismissed.  To state a claim for a substantive due process violation, a plaintiff must allege government action that "shocks the conscience."  *United Artists*, 316 F.3d at 399.  "The 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'"  *Id.* at 400 (quotation omitted).  Tripodi alleges the Township refused to consider the repairs she made to the Property and continued to prosecute the enforcement action "without legal justification," Compl. ¶ 18, because she had abated all code violations.  This simply does not rise to the level of conscience-shocking.  *See Dotzel v. Ashbridge*, 306 F. App'x 798, 801 (3d Cir. 2009) (holding disagreements about zoning rules do not shock the conscience (citing *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004))); *Bituminous Materials, Inc. v. Rice Cnty.*, 126 F.3d 1068, 1070 (8th Cir. 1997) (noting land use decisions that are simply in violation of state law do not violate one's substantive due process rights).  Even when a plaintiff alleges that the government actors had an "improper motive," which Tripodi does not allege, such allegations are insufficient, "even where the motive is unrelated to the merits of the underlying decision." *Chainey v. Street*, 523 F.3d 200, 220 (3d Cir. 2008); *see also Eichenlaub*, 385 F.3d at 286 (rejecting substantive due process claim by property owners because allegations that zoning officials had "applied subdivision requirements to their property that were not applied to other parcels," "pursued unannounced and unnecessary inspection and enforcement actions," "delayed certain permits and approvals," "improperly increased tax assessments," and "maligned and muzzled the [plaintiffs]" did not shock the conscience absent allegations of corruption, self-

14

dealing, or intent to "interfere with otherwise constitutionally protected activity at the project site, or because of some bias against an ethnic group"). If, indeed, Tripodi is alleging a violation of her substantive due process rights, she has failed to state a claim upon which relief can be granted.

In addition to the above-stated reasons, all of Tripodi's non-takings § 1983 claims must be dismissed as untimely. The statute of limitations for these claims is two years. *See Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (holding the statute of limitations for § 1983 claims is the same as the state's personal injury statute of limitations, which is two years in Pennsylvania). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* Here, the Township obtained a final judgment against Tripodi, which ordered the sale of the Property, on August 26, 2009. Accordingly, Tripodi knew of the alleged due process violations on that date, at the very latest, which was almost three years before she filed this lawsuit on July 20, 2012. Her request for reconsideration of the August 26, 2009, Order and appeal from the denial of reconsideration did not toll the statute of limitations. *See R & J Holding Co. v. Redevelopment Auth.*, 165 F. App'x 175, 180-81 (3d Cir. 2006) (holding the statute of limitations for a substantive due process claim alleging unlawful transfer of eminent domain power began to run when the plaintiff challenged the transfer in state court, or at the latest when plaintiff learned the facts to support the due process claim during discovery in the state court proceeding, and not after the challenge was rejected by the state court and the decision affirmed on appeal (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192 (1985))). Tripodi's non-takings § 1983 claims are therefore untimely.

Turning to Tripodi's unconstitutional takings claim, she alleges the Township has taken the Property "without just compensation" for the public's use in the "Pottstown Gateway Project," the nature of which is not explained.  Compl. ¶ 35.  The Fifth Amendment prohibits the taking of private property for public use without just compensation, *see* U.S. Const. amend. V, and this prohibition is applicable to state and local governments under the Fourteenth Amendment, *Cowell v. Palmer Twp.*, 263 F.3d 286, 290 (3d Cir. 2001).[6]  "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson Cnty.*, 473 U.S. at 194.  Nor does it require just compensation be paid prior to or contemporaneously with the taking; "all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking." *Id.* (internal quotation marks and citations omitted).  Thus, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [Takings] Clause until it has used the procedure and been denied just compensation." *Cowell*, 263 F.3d at 290 (quoting *Williamson Cnty.*, 473 U.S. at 195).

Pennsylvania's Eminent Domain Code, 26 Pa. Cons. Stat. §§ 101-1106, provides condemnees the right to petition the court for the appointment of "viewers" to ascertain just compensation.  *Id.* § 502.  The Third Circuit Court of Appeals has deemed exhaustion of these procedures a prerequisite to filing a federal claim alleging a taking without just compensation. *See Cowell*, 263 F.3d at 291 (affirming dismissal of takings claim as not ripe because plaintiffs had not availed themselves of the procedures in Pennsylvania's Eminent Domain Code to obtain just compensation).

---

[6] Counts V and VI assert claims for an unconstitutional taking without just compensation under the Fifth and Fourteenth Amendments, respectively.  Because the claims are otherwise identical, the two Counts are treated as a single takings claim.

16

Tripodi has not availed herself of Pennsylvania's procedures for obtaining just compensation.  Her federal takings claim, therefore, will be dismissed because she cannot claim she has been denied just compensation.

Tripodi requests leave to file an amended complaint to cure any pleading deficiencies. When a complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must grant a request for leave to amend "unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Tripodi has not indicated, either in her papers or at oral argument on the motion to dismiss, how she can amend her complaint to state a claim. Moreover, this Court finds any amendment regarding Tripodi's federal claims would be futile. As previously addressed, issue preclusion bars relitigation of the central issue underlying Tripodi's non-takings § 1983 claims—whether the Property was in compliance with all property codes.  Those claims are also barred by the statute of limitations.  Additionally, as to her procedural due process claim, Tripodi cannot escape the fact she was afforded a full judicial proceeding in the Common Pleas Court regarding the code violations.  The records of that proceeding, furthermore, effectively preclude any claim the Township's conduct shocks the conscience, as required for a substantive due process claim.  Finally, amendment of the takings claim cannot overcome Tripodi's failure to exhaust state compensation procedures. Accordingly, the request to file an amended complaint is denied.  Tripodi's federal non-takings claims will be dismissed with prejudice; her federal takings claim will be dismissed without prejudice to reassertion if she is not justly compensated through state inverse condemnation proceedings.

Having dismissed Tripodi's federal claims, this Court will decline to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) (providing a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Byrd v. Shannon*, 715 F.3d 117, 128 (3d Cir. 2013) (affirming dismissal without prejudice of pendent state claims pursuant to § 1367(c)(3) after summary judgment was granted on all federal claims).  Therefore, Tripodi's state law claims for inverse condemnation (Count I), slander of title (Count II), abuse of process (Count III),[7] and intentional interference with contractual relations (Count VII) will be dismissed without prejudice.

An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[7] Although Tripodi's Complaint and response to the Township's motion to dismiss appear to treat her abuse of process claim as a state law tort claim rather than a § 1983 civil rights claim, insofar as she intended this claim to allege a federal civil rights violation, it fails for the same reasons her other § 1983 claims fail, including the failure to allege a policy or custom of abusing civil enforcement action processes and the expiration of the statute of limitations.